# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05CV422-H

| | |
|---|---|
| JOHN M. CHURCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| WACHOVIA SECURITIES, INC., and ) | |
| WACHOVIA CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Remand ..." and "Memorandum ... in Support ..." (both document #5) filed October 18, 2005; and the "Defendants' Memorandum in Opposition ..." (document #7) filed November 2, 2005. On November 9, 2005, the Plaintiff filed his "Reply ..." (document #8).

As of this date, the parties have not indicated whether they consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the Plaintiff's Motion to Remand, as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action seeking damages, that is, unpaid salary, commissions, bonuses and severance pay, pursuant to claims for breach of contract, violation of the North Carolina Wage and Hour Act, quantum meruit, breach of supplementary contract, and "severance benefits."

The Plaintiff is a citizen and resident of Charlotte, North Carolina. Defendant Wachovia Corporation is a North Carolina corporation headquartered in Charlotte, and the parent company of Defendant Wachovia Securities, Inc. (collectively "Wachovia"). It is undisputed that the Plaintiff

was employed by the Defendants, or their predecessors in interest, from sometime in April 1996 through sometime in June 2005, when he voluntarily left his employment.

Relevant to the subject Motion to Remand, prior to the time the Plaintiff quit his job, he was offered an "Enhanced Severance Package," as that term is defined in Wachovia's "Fourth Amended and Restated Wachovia Corporation Severance Plan" ("the Plan"), which the parties agree is an employee benefit plan governed by the Employment Retirement Income Security Act, 29 U.S.C. § 1001, et. seq. ("ERISA").

The Plaintiff declined the offered severance package, however, and on September 2, 2005, filed the subject Complaint in the Superior Court of Mecklenburg County, North Carolina, alleging four state law claims for breach of contract, violation of the North Carolina Wage and Hour Act, quantum meruit, and breach of supplementary contract, and a fifth claim for "severance benefits."

Although the Complaint does not contain the terms "ERISA" or "Plan," it repeatedly alleges that the Defendants changed "more than 50% of [Plaintiff's] job responsibilities," a quote from Section 2.9(f) of and a prerequisite for eligibility for certain benefits under the Plan. Moreover, the Plaintiff alleges that the Defendants ignored their "policy dictates," and summarizes his "claim for severance benefits" as arising from the Defendants' "refus[al] [to pay] Plaintiff consistent with [their] own policies." See "Complaint" at 11, Exhibit 1 to "Notice of Removal" (document #1).

On October 5, 2005, the Defendants removed the state court action to federal court, alleging that Plaintiff's claim for severance benefits is, in fact, a claim "relating to" ERISA and, therefore, a basis for federal question jurisdiction. The same day, the Defendants filed a "Motion for Partial Dismissal of Plaintiff's Complaint" (document #2), that is, the Plaintiff's claims for breach of contract, violation of the North Carolina Wage and Hour Act, quantum meruit, and breach of supplementary contract.

On October 18, 2005, the Plaintiff filed his Motion to Remand, along with a "Motion for Extension of Time for Response to Motion to Dismiss" (document #4), asking that he be permitted to delay filing a response to the Defendants' Motion to Dismiss until 14 days after the Court resolves his Motion to Remand. The next day, the undersigned granted the requested extension. See "Order" (document #6).

The Plaintiff's Motion to Remand has been fully briefed as set forth above and is, therefore, ripe for determination.

## II. DISCUSSION

At the outset, the undersigned notes that the Plaintiff's Motion to Remand is timely. See 28 U.S.C. § 1447(c) (motion to remand must be filed within 30 days of filing of notice of removal and the court shall order remand if removal was improper).

28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The parties seeking federal jurisdiction, in this case, the Defendants, have the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

3

It is well-established that "[t]he subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accord Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally"). Because the citizenship of the parties is not diverse, the basis for federal subject matter jurisdiction, if any, must arise under what is commonly called "federal question" jurisdiction.

Federal subject matter jurisdiction of a plaintiff's state law claims will be proper pursuant to ERISA, and ERISA's provisions will preempt, that is, supersede, those claims, if they "relate to" any employee benefit plan covered by ERISA. See 29 U.S.C. § 1144(a). A state law claim "relates to" an ERISA plan "if it has a connection with or reference to such a plan." Griggs v. E.I. Dupont de Nemours & Co., 237 F.3d 371, 377 (4th Cir. 2001) (finding a state law of general application, with only an indirect effect on a pension plan, may relate to that plan for preemption purposes). Accord FMC Corp. v. Holliday, 498 U.S. 52, 58 (1990) (ERISA's preemption provisions are broadly construed); and Shaw v. Delta Airlines, Inc., 463 U.S. 85, 96-97 (1983).

In considering whether a plaintiff's state law claim "relates to" ERISA, the district court must "look more closely at the factual nature of his claim than any state law label [the plaintiff] applies to that claim." Griggs, 237 F.3d at 379, citing Boston Children's Heart Found., Inc. v. Nadal-Ginard, 73 F.3d 429, 439-40 (1st Cir. 1996) (explaining that a court cannot make a preemption determination solely "based on the form or label of the law ... the inquiry into whether a state law relates to an ERISA plan or is merely tenuous, remote, or peripheral requires a court to look at the facts of [a] particular case").

As the Defendants point out in their brief, the question of the existence of federal question jurisdiction in this case is controlled by the Fourth Circuit Court of Appeals' holding in Darcangelo, 292 F.3d at 194-95 (where plaintiff sought to enforce her rights under an ERISA plan, her claim denominated as a state law breach of contract claim was preempted and federal question jurisdiction was proper). Indeed, ERISA preemption is even more clear in this case, where the Plaintiff's claim expressly seeks "severance benefits" under the Defendant's "policies" – an unmistakable reference to payments available, if at all, only under the terms of the Plan – rather than general damages for breach of contract. See Id. at 195 ("action to enforce the terms of a contract, when that contract is an ERISA plan, is of necessity an ... enforcement mechanism for ERISA... [and] therefore relates to an ERISA plan and [is] preempted").

In short, and withholding any judgment as to the merits of the Plaintiff's claims until the Defendants' Motion to Dismiss has been fully briefed, the Plaintiff's purported state law claim for severance benefits is preempted by ERISA, there is a basis for federal question jurisdiction, removal was proper, and the Plaintiff's Motion to Remand must, therefore, be denied.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. The Plaintiff's "Motion to Remand" (document #5) is **DENIED**.

2. The Plaintiff shall file his response brief to the Defendants' Motion to Dismiss on or before November 28, 2005. The Defendants' reply, if any, shall be filed within seven days of receipt of the Plaintiff's response, with an additional three days for mailing.

3. As required by Local Rule 73.1(A), and in light of the fact that there is now a pending dispositive motion in this matter, on or before November 28, 2005, the parties shall each file a

"Consent/Refusal To Proceed Before a U.S. Magistrate Judge," indicating whether they consent to civil trial jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

4. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

**Signed: November 10, 2005**

*Carl Horn, III* (signature)

Carl Horn, III
United States Magistrate Judge