IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:05cv422

| | |
|---|---|
| JOHN M. CHURCH, ) ) Plaintiff, ) ) vs. ) ) WACHOVIA SECURITIES, ) INC. and WACHOVIA ) CORPORATION, ) ) Defendants. ) ) | **O R D E R** |

**THIS MATTER** came before the Court by reassignment on September 26, 2007. Presently pending before the Court are the Plaintiff's Motion to Reconsider Magistrate's Memorandum and Order of November 14, 2006 [Doc. 46] and the parties' Joint Motion for Extension of Time and For Amendment of Pretrial Order and Case Management Plan [Doc. 55].

The Plaintiff John M. Church brings this action against the Defendants Wachovia Securities, Inc. and Wachovia Corporation (collectively "Wachovia"), seeking damages for unpaid bonuses and severance pursuant to claims for breach of contract, violation of the North

Carolina Wage and Hour Act, quantum meruit, breach of supplementary contract, and "severance benefits."

On February 10, 2006, the Plaintiff served his First Set of Interrogatories and First Request for Production of Documents, seeking the production of all emails relating to the Plaintiff or his compensation, which were generated for the past ten years by the Plaintiff and approximately 50 other Wachovia employees. On April 28, 2006, the Defendants served their discovery responses, which included copies of emails that the Defendants had retrieved from the "G drive" of the computer that the Plaintiff had used at Wachovia prior to resigning. These emails were authored by or addressed to the Plaintiff between 1996 and 2005. As to other responsive emails, the Defendants maintained that the Plaintiff's requests were overbroad and burdensome.

For the next several months, counsel engaged in extensive discussions in an attempt to resolve their discovery dispute. Ultimately, the Plaintiff agreed to narrow his discovery requests to responsive emails authored by or addressed to himself and 11 other Wachovia employees between June 2003 and July 2005. Defendants did not produce any additional emails, but rather advised the Plaintiff that internal emails (*i.e.,*

2

exchanged between Wachovia employees) generated prior to July 2004 and external emails (*i.e.*, emails exchanged between Wachovia employees and outside parties) generated prior to July 2003 were technologically unrecoverable without resort to backup media, which the Defendant maintained was prohibitively expensive.

On September 25, 2006, the Plaintiff filed a motion to compel production of the requested emails. The Defendants filed a response in opposition on October 26, 2006, and the Plaintiff filed a reply on November 9, 2006. On November 14, 2006, the Honorable Carl Horn, III, United States Magistrate Judge, entered a Memorandum and Order granting in part and denying in part the Plaintiff's motion. Specifically, the Magistrate Judge ordered the Defendants to produce internal emails that were authored by or addressed to Bill Green, Wes Jones, Deidre Bradshaw, and/or Ben Williams, which were created on or after July 1, 2004, and which contain the Plaintiff's name either on the subject line or within the body of the text. The Plaintiff's motion was denied in all other respects.

The Plaintiff filed a motion to reconsider the Magistrate Judge's Memorandum and Order on November 22, 2006, which the Defendants opposed. While that motion was pending, the parties filed a joint motion to

amend the Pretrial Order and Case Management Plan previously entered in this case. On March 13, 2007, the Court entered an Order staying the discovery deadline in this case until a ruling on the Plaintiff's Motion to Reconsider was entered.

On July 26, 2007, the Honorable Robert J. Conrad, Jr., United States District Court Judge, held a hearing to address the Plaintiff's motion to reconsider the Magistrate Judge's Memorandum and Order. At that hearing, Judge Conrad ordered the Defendants to produce the "G drives" of four individuals: Ben Williams, Deidre Bradshaw, Bill Green, and Tom Wickwire.[1] Additionally, the Court ordered a "targeted search" of the Defendant's data backup system with respect to Deidre Bradshaw, using agreed upon search terms. The Court further indicated that once this preliminary search was completed, the parties would reconvene with the Court for a status conference.

Shortly after this hearing, however, and before an Order was entered memorializing Judge Conrad's rulings, this matter was reassigned to the undersigned. Accordingly, **IT IS, THEREFORE, ORDERED** that the

---

[1] The Plaintiff argued at the hearing that the Magistrate Judge erred in including Wes Jones as one of the four individuals whose emails should be produced. The Plaintiff requested that the Court order the production of emails authored by or addressed to Tom Wickwire, Bill Green's supervisor, instead.

4

parties shall file a joint status report within ten (10) days of the entry of this Order advising the Court of the results of the targeted search of the Defendant's data backup system with respect to Deidre Bradshaw. The parties shall further state their respective positions on the issue of whether such results warrant further search of the data backup system for emails authored by or addressed to other individuals. Finally, the parties' status report shall include proposed deadlines for the completion of discovery and the filing of dispositive motions in this case.

**IT IS SO ORDERED.**

Signed: January 30, 2008

Martin Reidinger
United States District Judge