# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:05cv422

| | |
|---|---|
| JOHN M. CHURCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| WACHOVIA SECURITIES, ) | |
| INC. and WACHOVIA ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Reconsideration of the Magistrate Judge's Memorandum and Order of November 14, 2006 and the parties' Joint Status Report, filed on February 11, 2008. For the reasons set forth below, and to the extent stated herein, the Plaintiff's Motion for Reconsideration is granted.

On July 26, 2007 the Court, Judge Robert Conrad presiding, was presented with, and heard oral arguments on, Plaintiff John Church's Motion to Reconsider the Magistrate's Order of November 14, 2006, regarding

Church's Motion to Compel Discovery. The Plaintiff took exception to certain portions of the Magistrate's Order and moved this Court for reconsideration. Subsequent to this hearing, this case was transferred to the undersigned.

At the July 26, 2007 hearing, Judge Conrad ordered the Defendants to search the email correspondence from the "g-drives" of Deidre Bradshaw, Bill Green, Ben Williams, and Tom Wickwire, and to produce those emails that relate to the Plaintiff containing the terms "John" or "Church" in either the "regarding" line or the body of the emails. Additionally, Judge Conrad ordered a targeted search of the Defendants' disaster recovery backup tape system with respect to Bradshaw's emails for the period from January 1, 2003 to August 31, 2005, using the agreed search terms described above.

The parties report that on October 12, 2007, Defendants produced to the Plaintiff the responsive data from the "g-drives" of Bradshaw, Green, Williams, and Wickwire, thereby satisfying that portion of Judge Conrad's ruling.

The parties further report that on November 7, 2007, counsel for the parties reached a tentative agreement as to an alternative means to facilitate the production of the remaining emails in a manner that was reasonably calculated to catch all of the relevant emails containing the terms "John" and

"Church" as described above. Such alternative means would allow for a more narrowly limited time period of disaster recovery backup tape restorations, thereby shortening the length of time needed for such restorations, searches, and production of emails. Under this alternative agreement, Bradshaw's emails for the period from January 1, 2003 through July 1, 2003 were to be restored from Defendants' disaster recovery backup tapes and searched using the agreed search terms described above. In addition, in order to catch any journaled emails, counsel for the parties agreed to expand the date parameters for searches of Assentor data for Bradshaw, Green, and Williams to include the periods from January 1, 2003 (an artificially early date) to June 30, 2004 and September 1, 2005 to July 1, 2006. The Defendants also agreed to provide responsive emails containing the above described search terms for the Assentor data for Tom Wickwire for the period from January 1, 2003 (an artificially early date) to July 1, 2006. This body of data for Wickwire was not included in Judge Conrad's July 26, 2007 oral ruling. The parties confirmed their agreement upon the alternative means, parameters, and search terms by an exchange of emails in November 2007.

On January 18, 2008, the Defendants produced to the Plaintiff the responsive emails from the backup tape restorations for Bradshaw for the

3

narrowed time period agreed to by the parties (January 1, 2003 through July 1, 2003) and the responsive emails from the searches of the Assentor data for Bradshaw, Green, and Williams for the period from January 1, 2003 through June 30, 2004. Further, the Defendants have delivered to the Plaintiff the responsive data for the period from September 1, 2005 through July 1, 2006 from the expanded Assentor data searches of the emails of Bradshaw, Green, and Williams. The Defendants' filings indicate that they expect that by the time that this Order is entered, they will have delivered the responsive data for the entire period from January 1, 2003 through July 1, 2006 from the Assentor data searches for Wickwire's emails.

Within twenty (20) days hereof, either party may request a status conference with the Magistrate Judge in order to determine whether additional restorations and searches of Wachovia's disaster recovery tape back up systems will be needed and to determine which party shall bear the costs of the production of these emails.

The Court encourages the parties to continue their efforts to resolve these complex electronic discovery issues through continued dialogue and agreement.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Reconsideration of the Magistrate Judge's Memorandum and Order of November 14, 2006 is **GRANTED**, and said Order is modified to the extent stated herein, *nunc pro tunc* to Judge Conrad's announcement of his ruling on this matter on July 26, 2007.

**IT IS SO ORDERED**.

Signed: March 7, 2008

Martin Reidinger
United States District Judge