# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05CV422-R

JOHN M. CHURCH, )
        Plaintiff, )
vs. ) **MEMORANDUM AND ORDER**
WACHOVIA SECURITIES, )
INC., and WACHOVIA )
CORPORATION, )
        Defendants. )

**THIS MATTER** is before the Court on the "Defendants' Motion to Compel Discovery" (document #67) and ". . . Memorandum in Support . . ." (document #68), both filed April 30, 2008. On May 19, 2008, the Plaintiff filed his "Memorandum in Opposition to Motion to Compel and Motion for Sanctions from Defendant" (document #69). The Defendants filed their ". . . Reply . . ." (document #74) June 2, 2008; and their ". . . Response in Opposition to Plaintiff's Motion for Sanctions from Defendants" (document #75) June 5, 2008. The Plaintiff has not filed a Reply Memorandum on the sanctions issue and the time for doing so has expired.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the Defendants' Motion to Compel, but <u>deny</u> the Plaintiff's Motion for Sanctions, as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action seeking damages, that is, unpaid bonuses and severance pay, pursuant to

claims for breach of contract, violation of the North Carolina Wage and Hour Act, quantum meruit, breach of supplementary contract, and entitlement to "severance benefits."

The Plaintiff is a citizen and resident of Charlotte, North Carolina. Defendant Wachovia Corporation is a North Carolina corporation headquartered in Charlotte, and the parent company of Defendant Wachovia Securities, Inc. It is undisputed that the Plaintiff was employed by the Defendants, or their predecessors in interest, First Union Corporation and First Union National Bank (collectively "Wachovia"), from sometime in April 1996 through sometime in June 2005, when he voluntarily left his employment.

Relevant to the subject Motion, the Defendants seek to compel the Plaintiff's response to Request No. 7 in their First Set of Requests for Production of Documents, served on the Plaintiff January 24, 2006. Request No. 7 seeks the following:

> Produce all your tax returns and any supporting statements or schedules for the years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, and 2005.

On April 6, 2006, the Plaintiff provided the following response:

> General objection: Subject to the General Objections, Plaintiff states that for the years 1996 through 2005, Plaintiff was employed by Defendants, and Defendants are well aware of his compensation. Plaintiff fails to grasp the relevance of this request, other than as a form of harassment of Plaintiff. Plaintiff believes that Defendants should state the basis for their need for this highly confidential information. Further, Plaintiff fails to understand the relevance of the year 1995, as he was not employed by Defendant.

The Defendants now only seek the tax returns and supporting statements or schedules for the years 1996-2005, presumably due to the Plaintiff's objection to producing documents pertaining to tax year 1995 on the ground that he was not employed by the Defendants that year.

After much communication between the parties, in December 2006, the Plaintiff produced the two-page Form 1040's of his tax returns for tax years 1996 through 2005, but did not produce any

2

supporting schedules or statements. The parties thereafter continued to negotiate, which resulted in the Plaintiff agreeing to produce the supporting schedules and statements, but then later changing his mind.

The Defendants seek the subject schedules and statements because "it has become apparent from documents produced by Plaintiff, and from e-mails discovered in electronic searches and produced by Defendants that Plaintiff had other business interests that he was pursuing at the same time he was employed by Wachovia." Thus, the Defendants reasonably argue that the information contained in the requested documents (specifically, information pertaining to the Plaintiff's additional business ventures) may lead to the discovery of admissible evidence regarding the Plaintiff's work efforts, commitment, and performance at Wachovia during the subject period.

The Plaintiff argues that the Defendants' Motion to Compel serves only to harass as they have already deposed him about his outside business interests and his year end 2004 performance evaluation did not mention that his outside business interests were detracting from his job performance at Wachovia. The Defendants take issue with this point in their Reply, noting that the Plaintiff's 2004 evaluation at least alluded to his outside interests by directing the Plaintiff to stay engaged in his work and observing that he had a "tendency to go AWOL for short periods."

The subject Motions have been fully briefed and are, therefore, ripe for determination.

## II. DISCUSSION

### A. Motion to Compel Discovery

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides generally that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. *For good cause, the court*

> *may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).*

Fed. R. Civ. P. 26(b)(1) (emphasis in original). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

The Plaintiff's tax returns and supporting statements or schedules for the years he was employed by the Defendants may well lead to the discovery of admissible evidence. The Plaintiff has placed the determination of his bonuses directly at issue, and the Defendants reasonably contend that evidence of his outside business interests may tend to show that the Plaintiff's commitment and time devoted to his responsibilities at Wachovia may have decreased in proportion to an increase in these outside interests. Accordingly, the Defendants' Motion to Compel will be granted.

### B. Motion for Sanctions

The Plaintiff, as part of his Response to the subject Motion, also seeks reconsideration of his request for sanctions in connection with his " . . . Motion to Compel Discovery" (document #36) filed September 25, 2006. The undersigned's November 14, 2006 "Memorandum and Order" (document #45) concluded that determination of the Plaintiff's request for sanctions in the form of

a spoliation of evidence jury instruction would be made by the District Judge – if the case, in fact, goes to trial – but noted "that there is not presently in the record any evidence of the type of bad faith necessary to support such an instruction."

Following the November 14, 2006 Memorandum and Order, the Plaintiff sought reconsideration before the then presiding District Judge (the Honorable Robert J. Conrad, Jr.). In his "Memorandum in Support of Motion to Reconsider Magistrate's Memorandum and Order of November 14, 2006" (document #47), the Plaintiff requests, among other things, that "the Court consider appropriate sanctions under Rule 37 for Wachovia's failure to produce relevant email." The Motion for Reconsideration was granted and a hearing was conducted July 26, 2007 by District Judge Conrad. This case was then transferred to the Honorable Martin K. Reidinger on September 26, 2007, who memorialized the findings of District Judge Conrad into an Order after the parties provided the Court with a Status Report regarding the July 2007 hearing. It appears from the record that neither Judge Conrad nor Judge Reidinger addressed the issue of sanctions – although it is not clear whether they considered the issue and agreed with the undersigned's conclusions based on the absence of bad faith or whether they thought the issue best addressed closer to or at trial. At the very least, it appears that the Plaintiff has already had an opportunity for reconsideration of this issue and did not bring it to the attention of the District Judges, even when given a full hearing on related discovery issues.

Further, the Plaintiff has violated Local Rule 7.1(C)(2), which states that "[m]otions shall not be included in responsive briefs. Each motion should be set forth as a separately filed pleading." In addition, Federal Rule of Civil Procedure 72(a) allows a party ten (10) days to serve and file objections to a Magistrate Judge's order on a nondispositive matter. To the extent the November 14, 2006 Order made a finding on the issue of sanctions, the Plaintiff's subject motion for

5

reconsideration is improperly and untimely filed. And finally, the Plaintiff has provided no evidence of the Defendants' bad faith. Accordingly, the Plaintiff's "Motion for Sanctions" will be <u>denied</u>, albeit without prejudice should the Plaintiff choose to file a motion, for consideration by District Judge Reidinger, requesting a spoliation of evidence jury instruction.

### III. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The "Defendants' Motion to Compel Discovery" (document #67) is **GRANTED**, that is, <u>on or before **July 23, 2008**, the Plaintiff shall produce tax returns and any supporting statements or schedules for the years 1996-2005</u>.

2. The Plaintiff's ". . . Motion for Sanctions . . ." (document #69) is **DENIED**.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; <u>and to the Honorable Martin K. Reidinger</u>.

**SO ORDERED.**

Signed: July 2, 2008

_Carl Horn, III_
Carl Horn, III
United States Magistrate Judge